UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Timothy Moore (M-39367), *Plaintiff*, v. Niccoelle E. Jackson, *et al.*, *Defendants*. | No. 22 CV 3445 Judge Lindsay C. Jenkins |

**MEMORANDUM OPINION AND ORDER**

Timothy Moore sued various Illinois Department of Corrections employees including David Gomez, Rob Jeffreys, Scott Nodine, and Jonathon Sexton, alleging a claim for unconstitutional conditions of confinement in violation of 42 U.S.C. § 1983. Because Moore was incarcerated when he filed suit, he is obligated to comply with the Prison Litigation Reform Act ("PLRA") which requires prisoners to exhaust their administrative remedies prior to suing in federal court. 42 U.S.C. § 1997e(a). Defendants moved for summary judgment arguing that Moore did not abide by this requirement. [Dkts. 71, 72.] The Court agrees and grants the motion.

**I.     Local Rule 56.1**

"On summary judgment, the Court limits its analysis of the facts to the evidence that is presented in the parties' Local Rule 56.1 statements." *Kirsch v. Brightstar Corp.*, 78 F. Supp. 3d 676, 697 (N.D. Ill. 2015). The statements serve a valuable purpose: they help the Court in "organizing the evidence and identifying disputed facts." *Fed. Trade Comm'n v. Bay Area Bus. Council, Inc.*, 423 F.3d 627, 633 (7th Cir. 2005). "To dispute an asserted fact, a party must cite specific evidentiary material that controverts the fact and must concisely explain how the cited material controverts the asserted fact. Asserted facts may be deemed admitted if not controverted with specific citations to evidentiary material." L.R. 56.1(e)(3).

Any party, including a pro se litigant, who fails to comply with Local Rule 56.1 does so at their own peril. *Wilson v. Kautex, Inc.*, 371 F. App'x 663, 664 (7th Cir. 2010) ("strictly enforcing Local Rule 56.1 was well within the district court's discretion, even though employee was pro se litigant"); *Collins v. Illinois*, 554 F.3d 693, 697 (7th Cir. 2009) ("even pro se litigants must follow procedural rules"); *Parker v. Fern*, 2024 WL 1116092, at *2 (N.D. Ill. Mar. 14, 2024) ("It is well-settled that a plaintiff's pro se status does not excuse him from complying with federal and local procedural rules.").

Here, Defendants filed a Rule 56.1 statement and, as required by Rule 56.2, served Moore with a "Notice to *Pro Se* Litigant Opposing Motion for Summary

Judgment." [Dkts. 47, 68.][1] This filing explains what a motion for summary judgment is and what steps Moore needed to take to respond to the motion.

Notwithstanding the instructions in the Rule 56.2 notice, Moore failed to respond to Defendants' statement of material facts or file any objection at all to Defendants' motion for summary judgment. Consequently, the Court takes all its facts from Defendants and deems them admitted to the extent they are supported by evidence in the record. L.R. 56.1(e)(3); *Keeton v. Morningstar, Inc.*, 667 F.3d 877, 880 (7th Cir. 2012).

## II.  Background

Moore, currently a prisoner within the Illinois Department of Corrections, claims that starting on August 11, 2021, while housed at Stateville Correctional Center, he was subjected to unconstitutional conditions of confinement. [Dkt. 73, ¶¶2, 4.] Defendant Gomez was the Warden; Jeffreys was the IDOC Director; and Nodine and Sexton were both correctional officers. [*Id.*, ¶3.]

Inmates incarcerated within IDOC may file grievances in accordance with formal grievance procedures. [*Id.* at ¶5.] Upon arrival to an IDOC facility inmates are made aware of rules concerning filing grievances through a manual and oral presentation. [*Id.*] The orientation includes the process for filing grievances, while the manual explains the grievance process from initial informal resolution to appeal to the Administrative Review Board (ARB). [*Id.*]

Generally, the first attempt to resolve grievances must be done through the inmate's counselor. [*Id.*, ¶6.] If such informal efforts are unsuccessful, the inmate may submit a written, non-emergency grievance to the facility grievance officer. [*Id.*, ¶7.] The written grievance must be filed within 60 days of discovery of the issue giving rise to the grievance and must contain factual detail concerning the basis for the complaint. [*Id.*] Alternatively, an inmate may file an emergency grievance directly with the prison's Chief Administrative Officer (CAO). [*Id.*, ¶8.]

For non-emergency grievances, the next step, after a counselor reviews it, is for the facility Grievance Officer to interview the inmate and/or appropriate witnesses and obtain the relevant documents to determine the merits of the grievance. [*Id.*, ¶9.] After completing that investigation, the Grievance Officer generates a report including their conclusions that is forwarded to the CAO. [*Id.*] The CAO's decision (or a designee's decision) is then sent to the inmate. [*Id.*]

The inmate has the opportunity to appeal that decision to the Director of the Department by submitting the Grievance Officer's report and CAO's decision to the

---

[1]  After the Court granted appointed counsel's motion to withdraw, the Court directed defense counsel to re-serve Moore with its summary judgment materials, including a Local Rule 56.2 notice to unrepresented litigants. [Dkt. 67.] Defense counsel sent the 56.2 notice to Moore on December 9, 2024 and certified having done so on the docket. [Dkt. 68.]

ARB. [Dkt. 73, ¶10.] In the Director's stead, the ARB reviews the grievance, determines if a hearing is necessary, advises the inmate, and eventually submits a written report of its findings and recommendations. [*Id.*, ¶11.] The Director or their designee then reviews the report and makes a final determination which is sent to the inmate who filed the grievance. [*Id.*]

The ARB maintains a log of offender grievances and correspondences which includes the dates, locations, and a brief description of all grievances filed with the ARB. [*Id.*, ¶12.] In addition, the ARB maintains a file on each inmate who has submitted grievances to the ARB, including responses made. [*Id.*]

Moore is well aware of the grievance procedure for IDOC, having filed at least 24 grievances between April 2019 and April 2022 complaining of issues including poor dietary conditions to mold in a housing cell. [*Id.*, ¶19; Dkt, 73-3 at ¶16.] As relevant here, Jon Loftus, a member of the ARB, performed a search of inmate grievances filed by Moore between August 11, 2021 and May 2024 and found no record of any grievance by Moore related to his conditions-of-confinement claim. [Dkt. 73, ¶¶16–18; Dkt, 73-3 at ¶¶12-15.]

Nonetheless, Moore filed this lawsuit on July 1, 2022 premised, in relevant part, on his conditions of confinement.[2] Defendants now move for summary judgment arguing Moore failed to exhaust his administrative remedies because he did not submit a grievance about the conditions of confinement prior to filing this lawsuit. [Dkts. 71, 72.]

## III. Analysis

Summary judgment is appropriate if there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). A genuine dispute of material fact exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The party moving for summary judgment bears the burden of proving the absence of such a dispute. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). All facts and reasonable inferences are construed in the light most favorable to the nonmoving party. *Chaib v. Geo Grp., Inc.*, 819 F.3d 337, 341 (7th Cir. 2016).

The PLRA requires inmates to exhaust their administrative remedies before initiating a federal civil rights lawsuit. 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."); *see also Miles v. Anton*, 42 F.4th 777, 780 (7th Cir. 2022) ("[A] suit filed before the prisoner has exhausted these remedies must be dismissed.") (cleaned up). Accordingly, if a

---

[2] The Court previously dismissed Moore's due process claim but permitted his conditions of confinement claim to proceed. [Dkt. 23.]

correctional facility has an internal administrative grievance system through which an inmate can seek to correct a problem, the inmate must utilize that system before filing a claim in federal court. *See Chambers v. Sood*, 956 F.3d 979, 983 (7th Cir. 2020). The burden of proof is on the defendant to demonstrate the prisoner failed to exhaust his administrative remedies. *See Turley v. Rednour*, 729 F.3d 645, 650 (7th Cir. 2013).

The primary purpose of the grievance system is to put prison officials on notice of an issue so that it can potentially be resolved prior to a lawsuit. *Jackson v. Esser*, 105 F.4th 948, 958–59 (7th Cir. 2024); *see also Rodriguez v. Judkins*, 2020 WL 6273480, at *5 (N.D. Ill. Oct. 26, 2020) ("When a prisoner does not name the parties involved or describe the conduct about which he is complaining, this prevents the prison from addressing complaints prior to suit, which is one of the benefits of exhaustion."). To exhaust, the inmate must avail himself of all levels of available administrative review; that includes administrative appeals, in this case to the ARB. *Lockett v. Bonson*, 937 F.3d 1016, 1025 (7th Cir. 2019); 42 U.S.C. § 1997e(a) (prohibiting lawsuits with respect to prison conditions "until such administrative remedies as are available are exhausted").

It is apparent that Moore was aware of the prison grievance procedures. [Dkt. 73, ¶19.] Defendants' evidence shows that Moore availed himself of the administrative procedures for numerous grievances, including during 2021, the time frame relevant to the facts alleged here. [*Id.*, ¶¶15–19.] There is no record of Moore filing or appealing a grievance related to his conditions-of-confinement claim. [*Id.*, ¶16.] For his part, Moore has failed to respond by presenting any contrary evidence— that is, evidence disputing the availability of the grievance procedure or evidence that, contrary to the Defendants' representation, could show that he engaged with the IDOC's grievance procedures for this claim.

The upshot is that Defendants are entitled to summary judgment. *Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006). Administrative exhaustion is required under the PLRA, 42 U.S.C. § 1997e(a), and Defendants satisfied their burden of proof, putting forth credible evidence that Moore failed to do so. On the facts presented, no reasonable jury could conclude otherwise.

## IV. Conclusion

For the reasons stated above, the Court grants Defendants' motion for summary judgment and dismisses the case without prejudice for failure to exhaust.

Enter: 22 CV 2445
Date: January 28, 2025

_____
Lindsay C. Jenkins
United States District Judge

4